IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT PHILPOTT                                                                                          PLAINTIFF

           v.                              Civil No. 11-2101

THE SEBASTIAN COUNTY COURT-
HOUSE EMPLOYEES; THE EMPLOYEES
OF THE SEBASTIAN COUNTY
PROSECUTING ATTORNEYS OFFICE; THE
EMPLOYEES OF THE SEBASTIAN COUNTY
PUBLIC DEFENDERS OFFICE; and ALL
SEBASTIAN COUNTY JUDGES                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Robert Philpott, currently a detainee in the Sebastian County Detention Center, submitted for filing in this district a *pro se* civil rights action under 42 U.S.C. § 1983. By order entered on June 2, 2010 (Doc. 2), the complaint was provisionally filed and Plaintiff was directed to submit his complaint on the Court approved form. Plaintiff was also directed to submit an *in forma pauperis* (IFP) application. Both the amended complaint (Doc. 8) and the application to proceed IFP have now been filed (Docs. 7 & 9). The case is now before me for preservice screening under the provisions of the Prison Litigation Reform Act.

### Background

According to the allegations of the amended complaint (Doc. 8), the employees and judges of the Sebastian County Courthouse, the employees of the Sebastian County Prosecuting Attorneys Office, and the employees of the Sebastian County Public Defenders Office have worked together to keep Plaintiff illegally incarcerated. He indicates his "payee" is being told the Plaintiff's

-1-

restitution and fines needs to be paid. He states he has done six and a half years on an eight year sentence not counting the time he has spent locked up "over this restitution."

As relief, Plaintiff asks that the Defendants "try to care about people" and "to individually do their jobs and not work together as a system." He also ask that Defendants "listen to people."

## Discussion

The Plaintiff is incarcerated in the Sebastian County Detention Center. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he receives $674 per month due to a disability. He indicates he has no money in checking or savings accounts and no assets. The records from the Sebastian County Detention Center show his average monthly deposit has been $10 and his monthly balance averages five ($5.00) dollars. The information supplied by Plaintiff appears

to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, the Sebastian County Judges are immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Second, to the extent Plaintiff is attempting to sue the court itself, the claim fails. "[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001).

Third, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted). *See also Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according

to court rule); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)(court clerks absolutely immune from actions for damages for charging excessive bail–action required under court order or at a judge's discretion); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Fourth, the Sebastian County Prosecuting Attorneys are immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the prosecuting attorneys are entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Fifth, the Sebastian County Public Defenders are not subject to suit under § 1983.  A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United

States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Public defenders do not act under color of state law while representing individuals in connection with criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

### Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiffs' Complaint be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of July 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE